UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| RAVONDA WEATHERSPOON | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 1:02-CR-90 and 1:02-CR-52 |
| | ) | 1:04-CV-278 and 1:04-CV-279 |
| UNITED STATES OF AMERICA | ) | |

**OPINION AND ORDER**

Before the court is Petitioner, Ravonda Weatherspoon's, "Writ of Error Coram Nobis Pursuant to Rule 60(b)(6) on Grounds of the Supreme Court's Clarification" filed on March 30, 2005. The Government responded on April 7, 2005 to which no reply was filed. For the following reasons, the court construes Petitioner's filing as a successive §2255 petition and the petition will be dismissed for failure to receive authorization from the Seventh Circuit Court of Appeals.

On April 24, 2002 a federal grand jury returned a two (2) count indictment against Weatherspoon in cause number 02-CR-52. Count 1 charged Weatherspoon with armed bank robbery pursuant to 18 U.S.C. §2113(a) and (d) while Count 2 charged her with a violation of 18 U.S.C. §924(c), using or carrying a firearm during and in relation to a crime of violence. On June 14, 2002, Weatherspoon entered a "straight up" guilty plea to both counts. The undersigned accepted the guilty plea on July 1, 2002.

Subsequently, on August 28, 2002, a grand jury returned a second two (2) count indictment against Weatherspoon in cause number 02-CR-90 again charging he with armed bank robbery and using or carrying a firearm during and in relation to a crime of violence. As to these counts, Weatherspoon entered a guily plea in accordance with a plea agreement. The undersigned accepted the guilty plea on December 17, 2002.

Thereafter, on January 10, 2003, the undersigned sentenced Weatherspoon in both criminal cases to 53 months imprisonment in cause # 02-CR-90 to run consecutive to the 37 months imprisonment imposed in cause #02-CR-52. Weatherspoon did not appeal.

On July 19, 2004, well past the one year general limitations period for filing §2255 motions, see 28 U.S.C. §2255 ¶6(1), Weatherspoon filed two such motions alleging (1) ineffective assistance of counsel and (2) violations of the 6th Amendment in light of the Supreme Court's holding in *Blakely v. Washington*, 2004 WL 1402697, ___ S.Ct. ____ (June 24, 2004) and the Seventh Circuit's decision *United States v. Booker,* 375 F.3d 508 (7th Cir.2004). At the time Weatherspoon's motions became ripe for review, the Supreme Court had granted Certiorari in *United States v. Booker* and *United States v. Fanfan*. On March 10, 2005, after the Supreme Court decided *United States v. Booker,* 125 S.Ct. 738 (2005) and the Seventh Circuit determined in *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005) that the *Booker* holding is not retroactive on collateral review, the undersigned entered an order denying Weatherspoon's requests for §2255 relief. Thereafter, Weatherspoon filed the present motion seeking, once again, relief from her sentence on the basis of *Booker*.

Although Weatherspoon has not filed the present petition pursuant to 28 U.S .C. § 2255, she is seeking relief that she can obtain only through § 2255. Indeed, the Seventh Circuit has made clear that:

> [a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.  Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (internal citations omitted). Here,

Weatherspoon seeks to be resentenced claiming that her original sentence was in violation of the Sixth Amendment. Thus, the substance of her request is clearly covered by §2255 and the petition must be construed as a § 2255 motion. *United States v. Evans,* 224 F.3d 670, 673 (7th Cir.2000) ("[A]ny motion filed after the expiration of the time for direct appeal, and invoking grounds mentioned in [§ 2255(1) ] is a collateral attack for purposes of [2255(8)."])

Moreover, given that this is her second attempt at §2255 relief, Weatherspoon is required, pursuant to 28 U.S.C. §2255, ¶8, to receive certification from the Seventh Circuit Court of Appeals prior to filing the motion in the District Court. In pertinent part, 28 U.S.C. §2255, ¶8, provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255. Section 2244(b)(3) provides "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Case law interpreting these provisions holds that unless leave is first obtained from the appropriate appellate court, the only thing a district judge may do with a second or successive petition for collateral review is dismiss it for want of jurisdiction. *Nunez v. United States*, 96 F.3d 990 (7th Cir.1996); *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). Here, leave from the appellate court has not been obtained and as a result, this court lacks jurisdiction over Weatherspoon's request and her petition

is dismissed.

## CONCLUSION

Based on the foregoing, the court construes Weatherspoon's, "Writ of Error Coram Nobis Pursuant to Rule 60(b)(6) on Grounds of the Supreme Court's Clarification" as a successive petition for relief pursuant to 28 U.S.C. §2255.  Because Weatherspoon has not been granted authorization from the Seventh Circuit to file a successive petition, Weatherspoon's petition for §2255 relief is DISMISSED for lack of jurisdiction.


SO ORDERED.

This 4th  day of May, 2005

s/ William C. Lee
United States District Court
Northern District of Indiana
